**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kendall Drake, et al., | No. CV-14-00670-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Eloy, City of, et al., | |
| Defendants. | |

Defendant David Crane has filed a motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure. Doc. 9. The motion is fully briefed. For the reasons that follow, the Court will grant the motion in part and deny it in part.

**I.   Background.**

Plaintiffs Kendall Drake and Greg Hunter filed this action in Pinal County Superior Court in March 2014. Doc. 1-1. Defendants removed the case to federal court on April 1, 2014. Doc. 1. Plaintiffs assert claims for constructive discharge, violation of the Public Employee Disclosure of Information Act, violation of the "Arizona Constitutional Right to Free Speech," violation of First Amendment rights under 42 U.S.C. § 1983, deprivation of liberty interest under § 1983, defamation, libel, slander, and "false light invasion of privacy." Doc. 1-1. ¶¶ 287-341.

Crane claims that he was not properly served with a Notice of Claim as required by A.R.S. § 12-821.01(A). Doc. 9 at 2. Plaintiffs assert that service was effectuated on Defendant William Pitman, chief of the Eloy Police Department, who Plaintiffs claim

told the process server that he was authorized to accept service for Crane. Doc. 16 at 3. Plaintiffs present a signature sheet submitted by the process server showing that Pitman signed on behalf of Crane. Doc. 16-1 at 5. Crane claims that Pitman was not authorized to accept service on his behalf and that he had no knowledge of Pitman's representations to that effect. Doc. 17 at 4.

## II. Legal Standard.

A.R.S. § 12-821.01 provides that persons with "claims against a public entity or a public employee shall file claims with the person or persons authorized to accept service for the public entity or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues." "When a person asserts claims against a public entity and public employee, the person 'must give notice of the claim to *both* the employee individually and to his employer.'" *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007) (citing *Crum v. Superior Court*, 922 P.2d 316, 317 (Ariz. Ct. App. 1996)).

Pursuant to Ariz. R. Civ. P. 4.1, service upon an individual must be made as follows:

> [B]y delivering a copy of the summons and of the pleading to that individual personally or by leaving copies thereof at that individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the pleading to an agent authorized by appointment or by law to receive service of process.

Ariz. R. Civ. P. 4.1(d); *see* Fed. R. Civ. P. 4(e)(2). "'[T]he purpose of process is to give the party to whom it is addressed actual notice of the proceedings against him, and that he is answerable to the claim of the plaintiff.'" *Scott v. G.A.C. Fin. Corp.*, 486 P.2d 786, 787 (Ariz. 1971); *see Melton v. Superior Court*, 739 P.2d 1357, 1359 (Ariz. Ct. App. 1987) (quoting *Marks v. LaBerge*, 703 P.2d 559, 562 (Ariz. Ct. App. 1985)).

## III. Analysis.

Crane argues that he was not served in any manner permissible under Rule 4.1(d). Doc. 9 at 3. Plaintiffs contend that because Defendant Pitman told the process server he

was authorized to accept service on behalf of Crane, "[t]he process server's signed certificates of service provide 'a prima facie case as to the facts of service[.]'" Doc. 16 at 4. As support for his position, Crane cites *Strickler v. Arpaio*, No. CV-12-344-PHX-GMS, 2012 U.S. Dist. LEXIS 117727, at *5 (D. Ariz. Aug. 21, 2012), where the court found that the defendant, a Maricopa County Sheriff's deputy, was not properly served with a notice of claim. There, the process server attested that "the receptionist at the MSCO's administrative office agreed to accept service" on the deputy defendant's behalf. *Id.* The court found that the fact that the deputy was employed by MSCO "does not give the MSCO actual or apparent agency authority to accept notices of claim on his behalf." *Id.* (noting that "apparent authority exists where 'the principal has intentionally or inadvertently induced third persons to believe that such a person was its agent'") (internal citation omitted).

The Court is persuaded by this authority. Simply because Crane is employed by the City of Eloy and Pitman is his supervisor does not give Pitman actual or apparent agency authority to accept service on Crane's behalf. Plaintiffs have not alleged that Crane represented that Pitman had authority to accept service on his behalf. Plaintiffs do not dispute that Crane was not served face-to-face. Absent evidence that Crane was served in a manner prescribed by Rule 4.1(d) or that Crane gave Pitman actual or apparent authority to accept service on his behalf, the Court cannot conclude that Crane was properly served.

Plaintiffs argue that even if Crane was not properly served, he has waived the defense. Doc. 16 at 6. Plaintiffs claim that Defendants submitted the claim to a claims adjuster and investigated the claims for several months. *Id.* at 7. Plaintiffs argue that Crane should have raised his challenge to service earlier rather than participate in the adjustment of claims. *Id.* at 8. The Court does not agree. "Waiver may be found when a government entity has taken substantial action to litigate the merits of the claim that would not have been necessary had the entity promptly raised the defense." *Jones v. Cochise Cnty.*, 187 P.3d 97, 104 (Ariz. Ct. App. 2008). This action was filed in March

1  2014 and removed to this Court one month later. The Court cannot conclude that
2  investigation of the claims and removal to federal court constitute "substantial action to
3  litigate the merits of the claim."

4      Finally, Plaintiffs argue that even if their state law claims against Crane are
5  dismissed, their federal claims must stand. Doc. 16 at 9. Crane does not dispute this and
6  the Court agrees. Arizona's notice of claim requirements do not apply to actions brought
7  pursuant to § 1983. *Morgan v. City of Phoenix*, 785 P.2d 101, 104 (Ariz. Ct. App. 1989).
8  Crane provides no other basis upon which the Court can dismiss Plaintiffs' federal
9  claims. The Court will therefore dismiss only Plaintiffs' state law claims against
10 Defendant Crane.

11     **IT IS ORDERED** that Defendant Crane's motion to dismiss (Doc. 9) is **granted**
12 **in part** and **denied in part** as set forth above.

13     Dated this 14th day of July, 2014.

_____
David G. Campbell
United States District Judge