**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kendall Drake, et al., | No. CV-14-00670-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Eloy, City of, et al., | |
| Defendants. | |

Plaintiffs Kendall Drake and Greg Hunter have filed a motion to disqualify the law firm of Jackson Lewis, PC from representing Defendants in this matter.  Doc. 48.  The motion is fully briefed.  Docs. 48, 51, 55.  Defendants have filed a motion for leave to file a sur-reply (Doc. 58), which Plaintiffs oppose (Doc. 64).  For the reasons that follow, the Court will deny the motion to disqualify and the motion to file a sur-reply.[1]

I.    **Background.**

Plaintiffs Kendall Drake and Greg Hunter were officers with the Eloy Police Department.  On April 20, 2013, Drake and Hunter responded to a call from a citizen regarding an injured cat.   Doc. 48 at 2.  Plaintiffs allege that when they arrived on the scene they saw that the cat was so severely injured that it would need to be euthanized.  *Id*.  Plaintiffs further allege that their supervising sergeant, David Crane, arrived at the

---

[1] The request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision.  *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1    scene but delayed euthanizing the cat, allowing it to suffer unnecessarily in violation of

2    Arizona's animal cruelty laws.  *Id*.

3         Plaintiffs allege that Defendants took various adverse actions against them in the

4    weeks following this incident.  In response, Drake submitted an Offensive Behavior/

5    Harassment Complaint Form to the City's Human Resources Department, alleging that

6    Crane, along with Sergeant Jerome and Lieutenant Tarango, took these actions in

7    retaliation for Drake's complaints regarding the cat incident.  *Id*.

8         The City hired Jackson Lewis attorney Victoria Torrilhon to conduct an

9    independent investigation of Drake's allegations.  *Id*.  A report was submitted to the City

10   Manager on September 13, 2013.  *Id*. at 2-3.

11        Plaintiffs served Defendants with their Notice of Claims on November 14, 2013,

12   asserting whistleblower retaliation.  *Id*.  Defendants assert, without contradiction, that

13   Plaintiffs learned in February of 2014 that Jackson Lewis would be representing

14   Defendants in this case, and yet Plaintiffs waited some eight months to file this motion to

15   disqualify.  Plaintiffs maintain that they learned during discovery that Jackson Lewis

16   previously represented Hunter when he worked as a police officer for the Town of

17   Youngtown.  *Id*.; *see Kimberly Johnson v. Town of Youngtown*, No. 2:10-cv-01948-FJM.

18        In that case, Chief of Police Kimberly Johnson sued the Town of Youngtown,

19   Hunter, and another officer under Title VII.  Johnson alleged that Youngtown and the

20   individual defendants discriminated against her on the basis of sex and retaliated against

21   her for opposing the discrimination.  Doc. 48 at 3.  Plaintiffs assert that Johnson alleged

22   Hunter was insubordinate and urged his fellow officers to behave in an insubordinate

23   manner.  *Id*. at 3-4.  Jackson Lewis prepared disclosure statements, interrogatory

24   responses, and pleadings on behalf of Hunter.  *Id*. at 4.

25        Plaintiffs seek to disqualify Jackson Lewis on the grounds that (1) Jackson Lewis

26   previously represented Hunter in the *Youngtown* case, (2) Jackson Lewis received

27   confidential information from Hunter during the former representation, and (3) Defendant

28   Eloy retained Jackson Lewis to conduct an independent investigation just a few months

1   prior to the start of this lawsuit, during which its attorneys had several meetings and

2   discussions with Drake.  Doc. 48 at 1-2.

3   **II.     Legal Standard.**

4          Disqualification of an attorney is an extreme remedy; courts rarely interfere with

5   the attorney-client relationship.  *Alexander v. Superior Court*, 685 P.2d 1309, 1313 (Ariz.

6   1984).   "The burden is on the party seeking to disqualify opposing counsel to

7   demonstrate that disqualification is necessary."  *Mardian Equip. Co. v. St. Paul Ins. Co.*,

8   No. CV05-2729-PHX-DGC, 2006 WL 798881, at *1 (D. Ariz., Mar. 28, 2006) (citing

9   *Amparano v. Asarco, Inc.*, 93 P.3d 1086, 1093 (Ariz. Ct. App. 2004)).  The moving party

10  must show "sufficient reason" for the attorney should to be disqualified.  *Id.* at 1092

11  (citing *Alexander*, 685 P.2d at 1313).

12         The Preamble to the Arizona Rules of Professional Conduct states that a violation

13  of an ethical rule "does not necessarily warrant any other non-disciplinary remedy, such

14  as disqualification of a lawyer in pending litigation."  Ariz. R. Prof'l Conduct, pmbl. at

15  20.  In general, the rules of professional responsibility are for "ethical enforcement and

16  are not designed to be used as a means to disqualify counsel."  *Amparano*, 208 P.3d at

17  1092.

18         Ethical Rule ("ER") 1.9(a) provides that "[a] lawyer who has formerly represented

19  a client in a matter shall not thereafter represent another person *in the same or a*

20  *substantially related matter* in which that person's interests are materially adverse to the

21  interests of the former client unless the former client gives informed consent, confirmed

22  in writing."  Ariz. R. Prof'l Conduct 1.9(a) (emphasis added).  For two matters to be

23  "substantially related," there must be more than general similarity.  The Arizona Court of

24  Appeals has explained that "[s]ome factual nexus must exist between the two matters;

25  i.e., the matters *themselves* must be substantially interrelated." *Amparano*, 93 P.3d at

26  1093 (quoting Ariz. State Bar. Comm. on Rules of Prof'l Conduct Ethics Op. 94-06)

27  (emphasis in original).

28

1    **III.    Analysis.**

2        **A.    Prior Representation of Hunter.**

3        The Court does not find that this case and the *Youngtown* case are substantially

4    related within the meaning of the authorities cited above. *Youngtown* was a Title VII

5    sexual harassment suit, Hunter was a defendant, and the case concerned Hunter's actions

6    while employed at a different law enforcement department more than six years ago.

7    Hunter is a plaintiff in this case, asserting a whistleblower retaliation claim based on

8    adverse actions Eloy allegedly took against him for different work in a different police

9    department at a different time.

10        Defendants deny that Hunter's insubordination will be asserted in this case (Doc.

11    51 at 7 n.22), and the only evidence Plaintiffs cite in support of their claim that this case

12    involves Hunter's alleged insubordination is an excerpt from one deposition. The Court

13    finds this to be the thinnest of connections between the two cases. Even if this could be

14    described as "general similarity," it would not be enough to make the cases substantially

15    related for purposes of ER 1.9. *Mardian Equip. Co.*, 2006 WL 798881, at *1-2.

16    Comment 2 to ER 1.9 specifically envisions this type of representation as conforming to

17    the ethical rules: "[A] lawyer who recurrently handled a type of problem for a former

18    client is not precluded from later representing another client in a *wholly distinct problem*

19    *of that type* even though the subsequent representation involves a position adverse to the

20    prior client." Ariz. R. Prof'l Conduct 1.9, cmt. 2 (2003) (emphasis added).

21        Courts have even found that an attorney who previously defended a doctor in a

22    malpractice case was not disqualified from representing plaintiffs against the same doctor

23    in a different malpractice case. *See Robbins v. Gillock*, 862 P.2d 1195, 1197 (Nev. 1993).

24    Although the causes of action were nearly identical, the claims themselves were not

25    related, and disqualification was inappropriate. *Id.* ("Mere similarity or a superficial

26    resemblance between prior and present representation is insufficient to justify

27    disqualification."); *see also Merle Norman Cosmetics, Inc. v. U.S. Dist. Court, Cent.*

28    *Dist.,* 856 F.2d 98 (9th Cir. 1988); *PCT Int'l v. Holland Elecs., LLC*, No. CV12-01797-

PHX-JAT, 2013 WL 858072 at *2 (D. Ariz. Mar. 7, 2013) ("Plaintiff first argues that the matters are substantially related because Mr. Rogers obtained information regarding Plaintiff's approach to and tolerance of potential patent litigation, strategic approaches to this type of litigation, and is familiar with Plaintiff's strategies for patenting inventions relating to coaxial cable connectors.  The Court finds that Plaintiff has not carried its burden of showing that Mr. Rogers' former representation of Plaintiff in patent-related matters generally requires disqualification in this case."); *Mizioch v. Montoya*, No. CV10-01728-PHX-JAT, 2011 WL 4900033 at *4-5 (D. Ariz. Oct. 14, 2011).

Although Plaintiffs maintain that Jackson Lewis obtained information regarding Hunter's business practices and attitudes towards superiors that could have a bearing on this case, that alone is not enough to satisfy the substantially related test of ER 1.9. Familiarity with a client's business practices, personality traits, and behavior does not, without more, mean that the prior representation is substantially related to the current matter.  *Mardian Equip. Co.*, 2006 WL 798881, at *1; Ariz. R. Pof'l Conduct 1.9, cmt. 3.

Plaintiffs also argue that the appearance of impropriety is enough to disqualify an attorney where the attorney may have obtained confidential information during former representation related to the subject matter at issue.  Doc. 48 at 5.  The appearance of impropriety is no longer a standard in the Arizona Rules of Professional Conduct, but it does remain part of the conflict of interest analysis when disqualifying an attorney. *Amparano*, 93 P.3d 1086, 1094 (quoting *Gomez v. Superior Court*, 717 P.2d 902, 904-05 (Ariz. 1986)). Here, the Court finds little risk of the appearance of impropriety.  The *Youngtown* case and the present dispute are not substantially related for reasons explained above.

**B.     Independent Investigation for Eloy.**

Plaintiffs also claim that Jackson Lewis ought to be disqualified because one of its lawyers acted as Eloy's independent investigator.  Doc. 48 at 8.  Plaintiffs claim Drake would not have been as forthcoming in interviews with Torrilhon had she known Jackson Lewis was going to represent Defendants in the case.

The Court first notes that Plaintiffs were aware of this issue for some eight months before raising it.  That delay at least suggests that Plaintiffs did not view it as sufficiently serious to warrant disqualification.  And the delay creates a situation of substantially greater prejudice to Defendants if they lose their litigation counsel after months of investment.

In addition, there is nothing to suggest that ER 1.9 applies to cases where a law firm conducts an independent investigation and then later serves as counsel in the same dispute.  ER 1.9 involves changing sides in a dispute, and Plaintiffs do not claim that Jackson Lewis represented them in this matter.  The Court finds no basis to disqualify Jackson Lewis under ER 1.9 as a result of its former independent investigation.[2]

Plaintiffs argue in their reply brief that Jackson Lewis violated ER 4.3 and ER 4.2. Doc. 55 at 7.  This argument was not made in Plaintiffs' motion, and the Court will not consider arguments raised for the first time in reply.  *See Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1176 & n.4 (9th Cir. 1995); *United States v. Boyce*, 148 F. Supp. 2d 1069, 1085 (S.D. Cal. 2001).[3]

**IV.    Attorneys' Fees and Costs.**

Defendants claim that they should be awarded attorneys' fees and costs incurred in defending against this motion.  Under 28 U.S.C. § 1927, a district court has discretion to impose sanctions on an attorney who "multiplies the proceedings in any case unreasonably and vexatiously[.]"  Section 1927 sanctions must be supported by a finding of subjective bad faith, which is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an

---

[2] Plaintiffs cite *In re PSE &G Shareholder Litigation*, 801 A. 2d. 295 (N.J. 2002), but that case considered whether the dual role of a law firm as both independent investigator and defense counsel impacted the independence of the investigation.  It did not deal with an ethical violation or disqualification of a law firm.

[3] Plaintiffs offered one other new argument in their reply that the Court will not consider: that Jackson Lewis represented the City of Eloy against Drake in an adversarial capacity prior to the independent investigation.

opponent. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002).  Attorneys' fees in Arizona are governed by A.R.S. § 12-349, which requires Defendants to show that Plaintiffs' claims were "groundless, in bad faith and harassing."  *Phoenix Newspapers, Inc. v. Dept. of Corr.*, 934 P.2d 801, 808 (Ariz. App. 1997).

Defendants have failed to show that the motion to disqualify was filed in bad faith or for the purpose of harassment.  Defendants do not dispute that Hunter learned of the identity of his former counsel only through discovery, a plausible explanation for why the motion was not brought earlier.  The request for attorneys' fees will be denied.

**IT IS ORDERED** that Plaintiffs' motion to disqualify Jackson Lewis and Defendants' request to file a sur-reply (Docs. 48, 58) are **denied**.

Dated this 22nd day of December, 2014.

_____
David G. Campbell
United States District Judge

- 7 -